1  ANDRÉ BIROTTE JR.
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   MARSHA M. YASUDA
4  Assistant United States Attorney
   California Bar Number: 238509
5        Room 7516, Federal Building
         300 North Los Angeles Street
6        Los Angeles, California 90012
         Telephone: (213) 894-6702
7        Facsimile: (213) 894-7819
         Email: Marsha.Yasuda@usdoj.gov
8
   Attorneys for Defendant
9  Robert Mueller

10
11                UNITED STATES DISTRICT COURT
12           FOR THE CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
13

| | |
|---|---|
| 14  JANINE DAY, | No. CV 13-1379 JAK (DTBx) |
| 15              Plaintiff, | **DEFENDANT ROBERT MUELLER'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 16              v. | |
| 17  TAYLOR SWIFT, ROBERT MUELLER, ESTATE OF EDWARD T. KENNEDY (ESTATE, WILL, BLIND TRUST) DBA ESTATE OF EDWARD T. KENNEDY, and CHARLES BECK, | [Fed R. Civ. P. 12(b)(1), (5) and (6)] |
| 18 | **Hearing Date:** May 13, 2013 |
| 19 | **Time:** 8:30 a.m. |
| 20              Defendants. | Honorable John A. Kronstadt |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Monday, May 13, 2013[1], at 8:30 a.m., defendant Robert Mueller ("Defendant Mueller") will bring on for hearing the within Motion to Dismiss, before the Honorable John A. Kronstadt, in his courtroom, located at the Roybal Federal Building, 255 East Temple Street, Courtroom 750, Los Angeles, California 90012.  Defendant hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(1), (5) and (6) for an order dismissing Plaintiff Janine Day's ("Plaintiff's") action against Defendant Mueller.

This Motion is made on the grounds that the Plaintiff failed to state a claim upon which relief can be granted, this Court lacks subject matter jurisdiction over any claim, and there was insufficient service of process.  This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and other documents on file in this action, and such other and further arguments, documents, and grounds as may be advanced in the future.

///
///
///
///
///
///

---

[1]   Plaintiff filed a total of ten (10) small claims actions in the Los Angeles County Superior Court for the State of California against Defendant Mueller and various other named defendants.  All ten (10) actions have been removed to District Court.  The first, case no. CV13-522 RGK (SSx), was removed on January 13, 2013, and has a hearing on a Motion to Dismiss scheduled for March 4, 2013.  The other nine (9) actions were removed to District Court on February 22 and 25, 2013, and, with the exception of one case, assigned to a different judge than case no. CV13-522 RGK (SSx).  On February 26, 2013, Defendant Mueller filed Notices of Related Cases in the instant case and seven (7) other actions assigned to different judges.  Defendant Mueller is filing Motions to Dismiss in each action.

This case is exempt from the conference of counsel requirement in Local Rule 7-3 because it falls within the exemption listed in Local Rule 16-12(d): it was removed to this Court from the small claims division of the California state court.

Dated: February 26, 2013

        ANDRÉ BIROTTE JR.
        United States Attorney
        LEON W. WEIDMAN
        Assistant United States Attorney
        Chief, Civil Division

        /s/ *Marsha M. Yasuda*
        MARSHA M. YASUDA
        Assistant United States Attorney
        Attorneys for Defendant
        United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Janine Day ("Plaintiff") filed an action alleging defendant Robert Mueller ("Defendant Mueller") owes her $100.00. This Court lacks subject matter jurisdiction over her action because Plaintiff failed to state a claim upon which relief can be granted and failed to identify a waiver of sovereign immunity. Also, Plaintiff has not effected proper service on Defendant Mueller. The action should therefore be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), (5) and (6).

## II. PROCEDURAL HISTORY AND STATEMENT OF FACTS

On February 4, 2013, Plaintiff filed a Small Claims action in the Superior Court for the State of California, County of Los Angeles, Case No. 13M01214. See Claim (attached as Exhibit 1 to the Notice of Removal filed with this Court on February 25, 2013). Plaintiff claimed Defendant Mueller (and named defendants Taylor Swift, the Estate of Edward T. Kennedy, and Charles Beck), owes her $100.00. (Id.).

The Superior Court attempted to serve Defendant Mueller by certified mail at 11000 Wilshire Blvd., Suite 1700, Los Angeles, CA 90024. (Id.) Defendant Mueller is the director of the Federal Bureau of Investigation ("FBI") and his principal place of business is FBI Headquarters, located in Washington, D.C.

On February 25, 2013, Defendant Mueller removed the action to this Court on the grounds that at all times material to the claim, he was an officer of the United States acting under the color of such office.

///
///
///
///
///

### III. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff has failed to state a claim upon which relief can be granted. In her claim, Plaintiff's explanation as to why Defendant owed her $100.00 was stated as: "Make Copies of Bank Accounts/Assets/Checks/Identity Theft Purchases/Name Not for Black Woman Belongs to White Race/IncidentsBefore Employed." Under how she calculated the money owed to her, Plaintiff wrote: "Racial Hatred& Turned Legal Birthright/Name/Human Being Into Conspiracy to Take Assets/ Credits to My Name/Belong to Him&Personal Driven Hatred 30 Yrs White Collar Started in 1980s."

Federal Rule of Civil Procedure 8(a) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Essentially, Rule 8 requires that a complaint contain "sufficient allegations to put defendants fairly on notice of the claims against them." (McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." (Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995)).

Here, Plaintiff's claim is difficult, if not impossible, to decipher. To the extent Plaintiff alleges copies of her records were wrongfully made or that she was victim of identity theft, she fails to explain how Defendant Mueller, in his official capacity as director of the FBI or in his individual capacity, was responsible for such acts or omissions or how he violated any particular statute, regulation, or law.

"Even under the most liberal construction, the complaint fails to present any cognizable case or controversy over which the Court could have subject matter jurisdiction to adjudicate." (Wilkerson v. SSA, 2012 U.S. Dist. LEXIS 109942 (N.D. Cal. Aug. 6, 2012) (court dismissed pro se plaintiff's removed small claims action as incomprehensible and devoid of merit for similarly worded claim).

Even construing the Complaint in the light most favorable to Plaintiff, (see Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989)), and granting special leniency to this pro se plaintiff, (see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980)), Plaintiff's Complaint does not fully state discernible claims against Defendant upon which relief can be granted.  Plaintiff's Complaint should therefore be dismissed.  (Fed. R. Civ. P. 12(b)(6)).

## IV.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

Additionally, Plaintiff failed to identify a waiver of sovereign immunity that would give this Court jurisdiction over her action.  Sovereign immunity bars suit against officers and employees of the United States in their official capacities. (Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir.1985).  "Absent express statutory consent to sue, dismissal is required."  (Id. at 1458).  The party who sues bears the burden of pointing to an unequivocal waiver of sovereign immunity. (See Holloman v. Watt, 708 F.2d 1399 (9th Cir. 1983), cert. denied, 466 U.S. 958 (1984)).

Here, it appears Plaintiff is suing Defendant Mueller in his official capacity as FBI director.[2]  To the extent Plaintiff attempts to allege any cause of action against Defendant Mueller acting in his official capacity, she has failed to identify an unequivocal waiver of sovereign immunity that would give this Court jurisdiction over her claims.  Her Complaint should therefore be dismissed.  (Fed. R. Civ. P. 12(b)(1)).

---

[2]   To the extent Plaintiff is suing Defendant Mueller in his individual capacity, Plaintiff has failed to establish in personam jurisdiction.  (Gilbert, 756 F.2d at 1459).  Defendant Mueller's principal place of business is in Washington, D.C., and according to Plaintiff's claim, there is no evidence Defendant Mueller transacted any business or committed any tortious act(s) within the state of California related to her claim.

## V. THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

Service on a federal officer/employee sued in his or her official or individual capacity must be accomplished by serving the employee/officer and the United States (via service both on the United States Attorneys Office and the Attorney General of the United States). (Fed. R. Civ. P. 4(i)(1)-(3)).

Although California Code of Civil Procedure § 116.340 states service of a small claims action can be effected by the clerk mailing the claim to the defendant "by any form of mail providing for a return receipt," here, Defendant Mueller was not properly served. It appears the clerk attempted service by certified mail to an address in Los Angeles, California. Defendant Mueller's principal place of business is not at the FBI office in Los Angeles, California, but in Washington D.C. Therefore, service was not effected on Defendant Mueller.

Additionally, there is no proof of service on the United States Attorneys Office or the Attorney General of the United States. Accordingly, the action should be dismissed without prejudice for insufficient service of process. (Fed. R. Civ. P. 12(b)(5)).

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's action should be dismissed based on Plaintiff's failure to state a claim upon which relief can be granted, this Court's lack of subject matter jurisdiction and for insufficient service of process.

DATED: February 26, 2013

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

 /s/ *Marsha M. Yasuda*
MARSHA M. YASUDA
Assistant United States Attorney
Attorneys for Defendant
United States of America